**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4722**


UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JAVONE A. JOHNSON,

              Defendant - Appellant.


Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (2:06-cr-00120-RAJ)


Submitted:  March 31, 2008          Decided:  April 10, 2008


Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.


Affirmed by unpublished per curiam opinion.


Brett D. Lucas, GABRIEL & ASSOCIATES, P.C., Virginia Beach, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Robert J. Krask, Assistant United States Attorney, Norfolk, Virginia, for Appellee.


Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Javone A. Johnson was convicted in a bench trial for bank fraud, 18 U.S.C. § 1344 (2000) (two counts), use of false social security number, 42 U.S.C. § 408(a)(7)(B) (2000) (five counts), and aggravated identity theft, 18 U.S.C. § 1028A(a)(1) (2000). He was sentenced to fifty-nine months of imprisonment. On appeal, he raises the following claims: (1) the district court erred in denying his motion for new counsel and a continuance; (2) he was convicted on multiplicitous counts; (3) insufficient evidence supports his convictions for use of false social security number; (4) the district court abused its discretion in admitting certain hearsay evidence at trial and sentencing; and (5) the district court erred in imposing a two-level enhancement to his sentence for obstruction of justice. Finding no reversible error, we affirm.

Johnson first argues on appeal that the trial court abused its discretion in denying his motion to substitute current counsel and in refusing to continue the case. The Sixth Amendment affords a criminal defendant the counsel of his choosing; however, that right is not absolute. United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994); Sampley v. Attorney Gen. of North Carolina, 786 F.2d 610, 613 (4th Cir. 1986). This court's review is for an abuse of discretion. United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988). To determine whether the district court abused its discretion in denying the defendant's motion for a continuance

so that he could substitute new counsel, this court considers: (1) the timeliness of the motion; (2) the adequacy of the district court's inquiry into the defendant's complaint about counsel; and (3) whether the defendant and counsel have experienced a "total lack of communication preventing an adequate defense." Mullen, 32 F.3d at 895 (citing Gallop, 838 F.2d at 108). These factors must be weighed against the court's interest in the orderly administration of justice. Mullen, 32 F.3d at 895. We find that, based on the court's thorough inquiry and due consideration of the factors at the hearing, there was no abuse of discretion in the denial of new counsel and a continuance.

Johnson next argues that certain convictions should be dismissed on grounds of multiplicity. An indictment charging a single offense in several counts is multiplicitous, subjecting a defendant to a risk of multiple sentences for a single offense in violation of the Double Jeopardy Clause. See United States v. Goodine, 400 F.3d 202, 207 (4th Cir. 2005). However, it is well established that a defendant may be convicted of two separate offenses arising from a single act if each charge requires proof of a fact not essential to the other. See Blockburger v. United States, 284 U.S. 299 (1932). We find that the district court appropriately conducted the Blockburger analysis and concluded that this argument is without merit.

Johnson also challenges the sufficiency of evidence supporting his convictions for falsely representing his social security number. A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear." United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984). A verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, this court views the evidence in the light most favorable to the Government, and inquires whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to establish a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). We find sufficient evidence in the record to support the challenged convictions.

Johnson also asserts that the district court erred in admitting certain hearsay evidence at trial and sentencing. The district court has discretion generally to conduct a trial, including the presentation of evidence, in whatever manner the court deems appropriate, and the district court's evidentiary rulings are entitled to substantial deference and will not be

reversed absent a clear abuse of discretion.  See <u>United States v. Moore</u>, 27 F.3d 969, 974 (4th Cir. 1994).  We find no abuse of discretion in the court's challenged rulings.

Johnson's last argument on appeal is that the district court erred in imposing a two-level enhancement for obstruction of justice.  When reviewing the district court's application of the Sentencing Guidelines, this court reviews findings of fact for clear error and questions of law de novo.  <u>United States v. Green</u>, 436 F.3d 449, 456 (4th Cir.), <u>cert. denied</u>, 547 U.S. 1156 (2006).  Here, Johnson proffered altered documents in support of his defense.  We find no error in the court's imposition of a two-level enhancement for obstruction of justice.  See <u>U.S. Sentencing Guidelines Manual</u> § 3C1.1, comment. (n.4(c)) (2006) (listing as an example the production of false, altered, or counterfeit documents and records during an official investigation or judicial proceeding).

Accordingly, we affirm Johnson's convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>